By the Court.
The court of appeals found that the defendant in the mandamus proceeding was entitled to a judgment upon the statements in the pleadings, and entered its judgment accordingly. In this posture of the case this court in the consideration of the petition in error must accept the allegations of. the petition as true. In that pleading it is alleged that the divorce proceeding in the common pleas court came on regularly for hearing and that a.t the conclusion of the hearing on the evidence the *395 judge “announced and rendered his decision granting a decree of divorce to the plaintiff on said 19th of March, 1920.”
It is contended by plaintiff in error that the oral announcement of the decree by the judge on the 19th of March, 1920, was a judgment in the case, and some decisions by inferior courts of this state and in other jurisdictions are cited in support of that proposition.
This question has; been recently before this court in Industrial Commission of Ohio v. Musselli, 102 Ohio St., 10. In that case it was held that the court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were. But in furtherance of justice an order nunc pro tunc may always be entered. Charles v. Fawley, 71 Ohio St., 50, and Industrial Commission of Ohio v. Musselli, supra.
It is averred in the petition that the decree thus rendered by the court was not entered on the records and journal, that on June 23d the relator filed his motion to have it so entered, and that he tendered such a decree in writing to the court.
It is true that the answer contains a denial that the court announced or rendered a decision granting a decree of divorce on the 19th of March. But that presents a question of fact. If the allegations of the relator are true then it was the duty of the court to cause an entry of the decree to be made on its journal.
*396 Section 11604, General Code, provides that all judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action. All parties to the proceeding are entitled to invoke the benefit and protection of that provision. In State, ex rel. Voight, Jr., v. Lueders, Probate Judge, 101 Ohio St., 256, there was an application filed in the probate court to set aside a writ of execution issued on an alleged judgment in that court, and this court said: “Since' the application * * * was properly presented to the probate court it Was incumbent upon that court to act upon that application and enter its determination on the journal. The court speaks through its journal. A peremptory writ will therefore be awarded to the relator commanding the respondent to enter upon his journal his decision upon the application of the relator to set aside the writ of execution.”
In divorce cases the.procedure is prescribed by the Code.
Section 11986, General Code, provides: “If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations in the petition, the court shall hear and determine the cause. On the hearing, if any of the causes for divorce charged in the petition be proved to the satisfaction of the court, it may pronounce the marriage contract dissolved and both of the parties released from its obligations.”
No default or consent decree can be made in a divorce case, and if a decree is made after a hearing and entered of record, both parties are released *397 from the marriage contract. There is an affirmative release for each. Of course if new evidenece were presented, or the court should on reconsideration arrive at a different conclusion, the decree would be made accordingly. But if the allegations of this petition are true both parties to the proceeding were entitled to have an entry of the decree made on the journal. ,
This issue of fact made by the pleadings should have been tried and determined by the court of appeals.
It is contended by defendant in error that plaintiff had an adequate remedy at law by proceeding in error. The purpose of the mandamus proceeding was to compel the court to complete its record. The proceeding does not relate to an error apparent on the record. So far as the proceeding in error in the original case, No. 16883, filed here by the defendant, is concerned, the record of the trial court shows that the cause was dismissed on application of the plaintiff.
It was held in Turner v. Pope Motor Car Co., 79 Ohio St., 153, in the syllabus, that: “Under favor of subdivision one (1) of Section 5314, Revised Statutes [now Section 11586, General Code], the plaintiff cannot as a matter of right dismiss his action after the final submission of the case to the court.”
The defendant George Vivian Smith had objected to the dismissal, and had filed his motion, supported by affidavit, to the effect that the case had already been tried and determined by the court of common pleas.
*398 We think the question of fact thus presented and .supported by the motion of defendant should have been heard and determined by the trial court and that the court erred in dismissing the cause in that state of the record.
The judgment of the court will be. reversed.

Judgment reversed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.